IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GINA DELPHIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11-cv-189 |
| | § | |
| GRAYSON COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Pending before the court are:

- "Defendant Grayson County, Texas' Motion for Summary Judgment" (Dkt. #17);

- "Plaintiff's Response to Defendant's Motion and Brief in Support of Summary Judgment" (Dkt. #29);

- "Defendant Grayson County, Texas' Reply in Support of the Motion for Summary Judgment (Dkt. #42);

- "Plaintiff's Objections to and Motion to Strike Defendant's Summary Judgment Evidence" (Dkt. #28); and

- "Defendant's Response in Opposition to Plaintiff's Objections to and Motion to Strike Defendant's Summary Judgment Evidence" (Dkt. #43);

- "Plaintiff's Motion in Limine" (Dkt. #39); and

- "Defendant's Motion in Limine" (Dkt. #40).

For the reasons set forth below, Defendant's Motion for Summary Judgment (Dkt. #17) is **GRANTED** and the Motions in Limine (Dkt. # 39, #40) are **DENIED AS MOOT**.

## I. BACKGROUND

This case arises out of the termination of Plaintiff Gina Delphin's at-will employment from the Grayson County District Clerk's Office by the District Clerk, Kelly Ashmore, on October 1, 2010. Compl. 2, ¶¶ 5–6. It is the practice in county government for newly elected officials to change, replace, or keep current at-will employees upon taking office. Def.'s Mot. For Summ. J. 6–7, ¶¶ 9–10. Ashmore was the newly-elected District Clerk and, prior to being sworn in, requested that all current employees of the District Clerk's office contact her for a possible meeting regarding their employment. *Id.* at ¶ 15. Delphin, however, did not contact Ashmore, and was the only District Clerk's office employee who did not have any contact with Ashmore prior to her taking office. *Id.* at ¶ 19. Thus, on the day Ashmore took office, she met with Delphin, inquired into Delphin's failure to contact her, and ultimately discharged Delphin. Compl. 2, ¶¶ 6, 7–8.

Delphin alleges that she was the only Hispanic employee in the District Clerk's Office and that none of the other, non-Hispanic employees were terminated for failure to contact Ashmore. *Id.* at ¶ 11–12. However, according to Ashmore, all of the other employees, whether Hispanic or non-Hispanic, did contact her as she had requested. Nevertheless, on April 8, 2011, Delphin initiated this suit against Grayson County, Texas, for violation of Title VII of the Civil Rights Act of 1964, § 703(a)(1), 42 U.S.C. § 2000e *et seq.*[1]

Defendant asserts that Delphin was an at-will employee, knew that the District Clerk had requested current employees make contact with her, and nevertheless failed to make such contact. Def.'s Mot. For Summ. J. 1–2, ¶¶ 2–3. Defendant further alleges that, due to the lack of contact,

---

[1] While Delphin alleges two separate causes of action in her complaint, there is, in fact, only one cause of action for violation of Title VII of the Civil Rights Act of 1964, § 703(a)(1), 42 U.S.C. § 2000e *et seq*.

Ashmore had serious concerns about Delphin's continued employment and discussed termination of Delphin's employment before meeting Delphin. Further, Ashmore had become aware of prior issues regarding Delphin's work performance. Thus, Defendant alleges that national origin was not a factor in the decision to terminate Delphin's employment. *Id.* at 8–10, ¶¶ 19, 23.

## II. LEGAL STANDARD

Summary judgment may be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The purpose of the rule is "to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323–24. Therefore, a court must consider whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding whether to grant summary judgment, the court construes all facts and inferences in the light most favorable to the nonmoving party. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

Both parties bear burdens of producing evidence in the summary judgment process. *Celotex*, 477 U.S. at 323–24. First, the party seeking summary judgment must show that, if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Id.* The nonmoving party must then set forth "specific facts showing a genuine issue for trial" and "may not rely merely on the allegations or denials in its own pleadings." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 249. "Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's burden." *Wallace v. Tex.*

*Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) (quotations omitted).

### III. ANALYSIS

#### A. OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

Both Delphin and the Defendant objected to certain summary judgment evidence and moved to strike the same. *See* Dkt. #28, #42. A district court may consider only admissible evidence in ruling on a motion for summary judgment. *Mersch v. City of Dallas*, 207 F.3d 732, 734–35 (5th Cir. 2000). Generally, "[t]he admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial." *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995). However, Rule 56(c) also permits a district court to rely on affidavits that are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(1)(A), (c)(4). As an initial matter, the court must address these objections to the summary judgment evidence, which are as follows:

1. Delphin objects to the admission of certain portions of Grayson County District Clerk Kelly Ashmore's affidavit. *See* Pl.'s Mot. to Strike 2–6. Specifically, Delphin cites seventy-two sentences in the affidavit, arguing that they contain inadmissible hearsay, or conclusory or speculative statements. The court has reviewed the evidence provided in accordance with Rule 56(c)(4) summary judgment standards, and has considered only those portions of the affidavit that "[are] made on personal knowledge [and] set out facts that would be admissible in evidence." Therefore, Delphin's objection is **OVERRULED**;

2. Delphin also objects to the admission of certain portions of Human Resources Director Andrea Mory's affidavit. *See* Pl.'s Mot. to Strike 6–8. Specifically, Delphin cites thirty-one sentences in the affidavit, arguing that they contain inadmissible hearsay, or conclusory or speculative statements. The court has reviewed the evidence provided in accordance with Rule 56(c)(4) summary judgment standards and has considered only those portions of the affidavit that "[are] made on personal knowledge [and] set out facts that would be admissible in evidence." Delphin's objection is **OVERRULED**;

3. Delphin also objects to Paragraphs 3, 4, and 16 of Andrea Mory's affidavit, which

>refer to various documents. *See* Pl.'s Mot. to Strike 9. Delphin argues that, because these documents are not attached to the affidavit, any references thereto should be stricken and not considered for the purposes of summary judgment. Under the 2009 Amendments to Rule 56, a statement or dispute of fact must be supported by materials in the record. FED. R. CIV. P. 56(c)(1). Here, the materials referenced in Paragraphs 4 and 16 of Mory's affidavit are attached to Defendant's summary judgment motion, to which Mory's affidavit is also attached. *See* Dkt. #17-4, #17-5, #17-6, #17-9. Further, while the Employee Handbook excerpts referenced in Paragraph 3 are not attached to the motion for summary judgment, these documents have been produced and are attached to Defendant's Reply. *See* Dkt. #42-4. Because these documents appear in the record in accordance with Rule 56(c)(1), the court **OVERRULES** Delphin's objections thereto; and

> 4. Defendant objects to Paragraph 4 on page 1 and Paragraphs 2 and 6 on page 2 of Gina Delphin's affidavit, arguing that they contain inadmissible hearsay, or conclusory or speculative statements. Def.'s Reply, ¶¶ 35–37. The court has reviewed the evidence provided in accordance with Rule 56(c)(4) summary judgment standards, and has considered only those portions of the affidavit that "[are] made on personal knowledge [and] set out facts that would be admissible in evidence." Therefore, the Defendant's objection is **OVERRULED**.

## B. TITLE VII NATIONAL ORIGIN DISCRIMINATION CLAIM

Under Title VII, it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . nation origin . . . ." 42 U.S.C. § 2000e-2(a)(1). "A plaintiff may prove Title VII discrimination through direct or circumstantial evidence." *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 593 (5th Cir. 2007). Where there is no direct evidence of discrimination, the Fifth Circuit applies the burden shifting framework analysis established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–804 (1973). *See id*.

To survive summary judgment under *McDonnell Douglas*, the plaintiff must first present evidence of a prima facie case of discrimination. *Id.* If the plaintiff is able to present a prima facie

case, the burden of production shifts to the employer to articulate some legitimate, non-discriminatory reason for the employment action. *Id.* The employer is not required to convince the court that it was actually motivated by its proffered reason. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Instead, the employer need only raise a genuine issue of fact as to whether it discriminated against the plaintiff. *Id.* To do so, the employer "must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's [discharge]." *Id.* at 255. If a non-discriminatory reason exists, "the presumptions of the *McDonnell Douglas* framework dissipate, and the plaintiff bears the ultimate burden of persuading the trier of fact that the defendant engaged in intentional discrimination." *Nasti*, 492 F.3d at 593. "To satisfy this burden, a plaintiff must produce substantial evidence that the employer's proffered reasons for its actions were a pretext for discrimination." *Id.*

### 1. Delphin's Prima Facie Case

To establish a prima facie case, Delphin must demonstrate that (1) she is a member of a protected group, (2) she was qualified for her position, (3) she suffered adverse employment action, and (4) she was replaced with a similarly qualified person who was not a member of her protected group or, in the case of disparate treatment, that similarly situated employees were treated more favorably. *Id.* "To establish a *prima facie* case, a plaintiff need only make a very minimal showing." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996). Viewing the evidence in this case in the light most favorable to the plaintiff, Delphin has established a prima facie case of racial discrimination: (1) she is Hispanic, (2) she was qualified for the position, (3) her employment was terminated, and (4) she was replaced by a Caucasian female. Delphin Aff. (Dkt. #29-3), ¶¶ 3, 7, 10.

### 2. LEGITIMATE, NON-DISCRIMINATORY REASON FOR DISCHARGE

Because the court finds that Delphin has asserted a prima facie case of racial discrimination, the burden shifts to the Defendant to "articulate a legitimate, non-discriminatory reason for [the discharge]." *Nasti*, 492 F.3d at 594. Here, the Defendant has done so. Delphin knew that the incoming District Clerk, Kelly Ashmore, had requested that current employees contact her. Pl. Depo. (Dkt. #17-4) at 26–27. Ashmore "wanted to have these initial contacts and meetings to determine the position the employee held, observe how they communicated and presented themselves, confirm that they intended to continue in the position under [her] administration, and have informal contact similar to an interview." Ashmore Aff. (Dkt. #17-1), ¶ 8. Delphin knew of Ashmore's request and knew that other employees were meeting with Ashmore, yet failed to contact Ashmore. Pl. Depo. (Dkt. #17-4) at 27–28, 33–34. Ashmore became concerned about Delphin's failure to make contact, in addition to prior issues regarding Delphin's employment performance. *See* Dkt. #17-8, 17-9. For these reasons, Ashmore discharged Delphin. Ashmore Aff. (Dkt. #17-1), ¶¶ 16, 19. Further, Ashmore met with Human Resources Director Andrea Mory to discuss the impending discharge before she met Delphin or allegedly knew her national origin. *Id*. ¶¶ 16–17; Mory Aff. (Dkt. #17-2), ¶ 7.

### 3. EVIDENCE OF PRETEXT

Because the Defendant has articulated a legitimate, non-discriminatory reason for discharge, the presumptions of the *McDonnell Douglas* framework vanish and Delphin must produce evidence that Defendant's stated reason is a mere pretext for unlawful discrimination. *See Nasti*, 492 F.3d at 593. Once a claim reaches the pretext stage, the issue is "whether the totality of the evidence, including the evidence raised at the prima facie case and pretext stages, raises a genuine issue of

material fact as to whether [the defendant] fired [the plaintiff] because of her [national origin]." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).

"A plaintiff can establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Nasti*, 492 F.3d at 593 (quotations omitted). If a plaintiff wishes to establish disparate treatment, she "must show that the employer gave preferential treatment to another employee under nearly identical circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." *Okoye v. Univ. of Tex. Houston Hlth. Sci. Ctr.*, 254 F.3d 507, 514 (5th Cir. 2001) (internal quotation and citation omitted).

Here, Delphin has failed to produce sufficient evidence to create a fact issue on whether the Defendant had any discriminatory intent in terminating her. Subjective belief is insufficient, and Delphin has failed to show that the proffered reason for termination was a pretext, especially in light of evidence that Ashmore did not know of Delphin's national origin until the day she discharged her. Ashmore Aff. (Dkt. #17-1), ¶ 15. *See also Escobar v. Univ. of N. Tex.*, 562 F. Supp. 2d 804, 811 (E.D. Tex. 2007). Further, Delphin's comparison to other employees, not similarly situated to her, does not support her contentions either. *See Escobar*, 562 F. Supp. 2d at 811. Delphin discusses three other employees who retained their employment though they did not "schedule a time" to meet with Ashmore. Pl. Resp. at 7. However, these three employees had face-to-face meetings with Ashmore and made follow-up contact with her regarding their employment, within the time requested by Ashmore. *Id.* at 6; Ashmore Aff. (Dkt. #17-1), ¶¶ 25–30. Therefore, the facts regarding these three employees are not "nearly identical" to those regarding Delphin. *Okoye*, 254 F.3d at 514.

## IV. CONCLUSION

For the reasons stated, the court concludes that no genuine issue of material fact exists as to whether the Defendant discriminated against Delphin. Therefore, the court hereby **GRANTS** "Defendant Grayson County, Texas' Motion for Summary Judgment" (Dkt. #17). All motions that remain pending, including the Motions in Limine (Dkt. #39, #40), are **DENIED AS MOOT**.

   IT IS SO ORDERED.

   **SIGNED this the 22nd day of December, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE